REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

October 6, 2015

ABEL ACOSTA, CLERK

IN THE TEXAS
COURT OF CRIMINAL APPEALS

DARRICK EDWARD ROSS

VS.

STATE OF TEXAS

§
§
§
§
§
§

PD-0579-15

FROM APPEAL NO.§ 10-14-00220-CR and 10-14-00219-CR
FROM CAUSE NO.§ 26383 and 26619

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

MOTION FOR REHEARING FOR PETITION
FOR DESCRETIONARY REVIEW

TO THE HONORABLE JUDGE, of said court, Court of Criminal Appeals:

Comes now Darrick Edward Ross, petitioner, herein and respectfully files this Motion For Rehearing for Petition For Descretionary Review and in Support of this Motion, petitioner shows the court the following:

I.

The ~~Petition~~ Petitioner was convicted in the 278th District court of Walker county, Texas, of the offense of Aggravated Robbery (X2) in case No.§ 10-14-00220-CR and 10-14-00219-CR styled State of Texas vs. Darrick Edward Ross. The petitioner appealed to the Tenth Court of Appeals, the case was Affirmed on April 9, 2015. The court of criminal Appeals refused Petitioner's Petition For Descretionary Review without opinion on September 16, 2015.

-1-

## II.

Petitioner respectfully moves this court to review his PETITION FOR DISCRETIONARY REVIEW, issues presented and rebutted by the STATE. In its ~~DES~~ Decision, The Tenth Court of Appeals.

## III.

When re-evaluating the specifics of the statur/law/case, Petitioner respectfully request this court to consider the following:

In the above styled causes, Petitioner entered open pleas of guilt, RE: two counts of Aggravated Robbery (~~Tex~~ Tex. Pen. Code. Ann § 29.03). Trial court found him guilty, and added a deadly weapon finding and sentenced him to two life sentences. "Trial court certified petitionee's right to Appeal in both cases, (see EXHIBITS 1, and 2). Appellate counsel chose to file an Ander's Brief on Petitionee's behalf. Outside of the Brief failed to argue several additional meritoreous issues, those claims he did address were said to be frivelous, not because petitioner had truely frivelous issues but because he had forfieted his Appellate rights. This is inaccurate, and should be reviewed, as the District court certified petitioner's right to Appeal (see EXHIBITS 1, and 2).

## IIII.

A.) Question one in original Petition asked;

Is a guilty plea (open plea) rendered invalid whe the trial court fails to hold a hearing or orally admonish the Petitioner on the consequences of his plea?

Records reflect that no hearing was held on May 6, 2014, or that the petitioner was orally admonished by the court.

Applicable Law:

Due Course of law and Due Process under both Texas and United States constitution require oral admonishment. Lincoln V. State, 508 S.W.2d 635 (Texas. Crim. App.)

Othe Applicable Law concerning guilty pleas:

1.) In a felony case a guilty plea must be supported by sufficient evidence to establish the elements of the offense. (Tex. Code. Crim. Proc. Art. 1.15) Dinery V. state, 592 S.W. 2d 343, 351 (Tex. Crim. App. 1979)

2.) A conviction rendered without ~~sufficient~~ sufficient evidence to support a guilty plea constitutes trial error. (Robert lee Menefee V. State of Texas, 287 S.W 3.d 9 (2009)

3.) Failure to introduce evidence of guilt on plea of guilty; where a defendant enters a plea of guilty to the trial court, the state is bound to introduce evidence showing defendant's guilt. If the state fails in such respect, the defendant is entitled to a new trial. Spivey V. State (Cr. App. 1940) 140 Tex. Crim. 107, 143 S.W. 2d 386. In requiring state to introduce evidence showing defendant's guilt, Legislature intented that No person could be convicted on his guilty plea without evidence being introduced sufficient to show guilt. crawford V. state (Tex. Crim. App. 554, 278 S.W. 2d 845) ( Cr. App. 1955).

4.) A conviction on a guilty plea that is entered solely as a result of faulty legal advice is a Miscarriage of Justice. United States V. Scott, 625 F. 2d 623 (5th Cir. 1981) A grossly unfair outcome in a judicial proceeding, as when a defendant is convicted despite the lack of evidence on a essential element of the crime.

B.) As to question two;

Has the Court of Appeals erred in finding no arguable issues for Appeal? Arguable from the record are three issues that were refused by Appellate counsel due to a belief that Petitioner had waived his right to Appeal. However Trial court certified Petitionee's right to Appeal in both cases, (see EXHIBIT 1, and 2).

Issue 1: The evidence was legally insufficient to support Petitioner's conviction for Aggravated Robbery.

Issue 2: The evidence was legally insufficient to support the deadly weapon finding.

Issue 3: Appellant was denied his constitutional right to reasonably effective assistance of counsel.

c) As to question three;

Has the Appellate court erred in finding no arguable issue for appeal on the legal sufficiency of evidence issues?

## I.

Issue 1.

Facts:

The only evidence of Petitioner's connection to the robbery of the Riles was that Petitioner told Taylor and Scott about the insurance payments Ricky Riles had gotten and on a seperate accasion, pointed out where Riles lived (2 RR 139-40)

-4-

While the prosecutor claimed that another family member identified Petitioner (2 RE 145), there was no evidence to support that claim. Neither witness to the event supported that testimony (2 RR 24, 28-29).

Application:

There was no evidence that Petitioner personally participated in the offense (2 RR 24, 28-29). The statements of the prosecutor that Petitioner was identified are clearly not evidence, and is legally insufficient to support Petitioner's conviction for aggravated Robbery.
See Cooper v. State, 500 S.W. 2d 837, 841 (Tex. Crim. App. 1973).

Issue 2:

When a defendant's liability is based on the conduct of another who used or exhibited a deadly weapon, the evidence must show the defendant was aware that a deadly weapon would be used in commission of the offense.
Dowdle v. State, 11 S.W. 3d 233, 235 (Tex. Crim. App. 2000);
Torres v. State, 233 S.W.3d 26, 30-31 (Tex. App. - - Houston [1st DIST.] 2007, NO PET). Petitioner is entitled to challenge the sufficiency of the evidence supporting the deadly weapon finding because the was no evidence petitioner had anything to do with the robbery or even knew a deadly weapon would be used or exhibited.

Issue 3:

Petitioner was denied his constitutional right to effective assistance of counsel;

Applicable Law:

- 5 -

A criminal defendant is entitled to the reasonably effective assistance of counsel at all critical stages of a criminal proceeding.
Gideon v. Wainwright, 372 U.S. 335, 345 (1963); Strickland v. Washington, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984); Upton v. State, 853 S.W. 2d 548, 553 (Tex. Crim. App. 1983).
A Petitioner must show by a perponderance of the evidence that his counsel's representation fell below an objective standard of professional norms.
Ex parte Lane, 303 S.W. 3d 702, 706 (Tex. Crim. App. 2009) Such a claim must be affirmatively supported by the record.
Jackson v. State, 973 S.W. 2d 954, 955 (Tex. Crim. App. 1998); McFarland v. State, 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996).
Prejudice to the petitioner from counsel's deficient performance is judged by " whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result".
Ex parte Chandler, 182 S.W. 3d 350, 353 (Tex. Crim. App. 2005)

Pretrial INVESTIGATION:
The court of criminal Appeals has held that defense counsel must have a firm command of the facts of the case as well as governing law before he can render reasonably effective assistance of counsel.
Ex parte welborn, 785 S.W. 2d 391, 393 (Tex. Crim. App. 1990)
Record shows trial counsel did not interview witnesses before the punishment hearing (2 RR 88), counsel had not spoken to Johnson about the case (2 RR 90), (2 RR 94).
The record shows trial counsel did not have a command of the relevant law.

As explained in Petitioner's first issue, the law does not support a finding that petitioner was liable for the conduct of Taylor and Scott because there was no evidence he did any of the acts which section 7.02(a) of the penal code would impose criminal liability on the Petitioner.

## Dificient Performance of Counselor:

1. It was dificient performance to permit petitioner to plead guilty when the evidence was legally insuficient to support the conviction.

2. I was also dificient performance to have petitioner sign a waiver to appeal the suficiency of the evidence.

3. It was dificient performance to permit petitioner to stipulate he used a deadly weapon.

## Trial Performance:

Counsel's performance was dificient in that he failed to object to clearly objectionable and prejudicial questions. Although there was no evidence that any witness saw petitioner at the robbery, defense counsel did not object when prosecutor claimed witnesses identified petitioner at the scene of the robbery (2RR145). The question assumed facts not in evidence and was improper. For same reason counsel's performance was dificient when he failed to object to statements by the prosecutor that petitioner took the others to either house, told them where property was in the house and stood outside "directing what was going on", because there was no evidence supporting any of those statements.

-7-

Trial counsel was dificient in failing to object to testimony from Mr. Thomas on his opinion of proper punishment (2 RR 55). Such evidence is improper and objectionable.
Hughes v. State, 787 S.W. 2d 193, 196 (Tex. App. — Corpus christi, pet. ref'd).

Prejudice:
A claim of ineffective assistance of counsel will ~~will~~ support reversal on appeal because this record affirmatively shows that but for trial counsel's unprofessional error, there is a reasonable probability that the result of the proceedings would have been different.
Strickland, 466 U.S. at 694; Ex parte Miller, 330 S.W. 3d 610.
A trial court has wide discretion in imposing an appropiate sentence.
Jackson v. State, 680 S.W. 2d 809, 814 (Tex. Crim. App. 1984)
Generally as long as a sentence is within the range of punishment and has a factual basis in the record, it will not be disturbed on appeal.
Nunez v. State, ~~580~~ 565 S.W. 2d 536, 538 (Tex. Crim. App. 1978)
The record shows the trial Judge did not consider the lack of evidence or the elements of the offense durring the punishment phase.

Prayer For Relief

Petitioner prays this court review the record and if any arguable grounds for appeal are shown, Petitioner respectfully as the Judge to remand for appointed counsel of new or grant relief required by law.

-8-

Petitioner respectfully submitts this motion,

Respectfully, DARRICK Ross
Darrick Ross #1938636

## Certificate of Service

This is to certify that on this day, September 28, 2015 a true and correct copy of the above and forgoing document was served on the clerk, Abel Acosta, of the Court OF CRIMINAL APPEALS OF TEXAS at P.O. Box 12308 Capitol Station, Austin, Texas 78711

Darrick Ross
DARRICK Ross #1938636
Clements Unit
9601 Spur 591
Amarillo, Texas
79107

"Please find enclosed Exhibits
one and two
Petitioner's right to Appeal"


Items Filed and certified by
District trial court.

EXHIBIT 2

CAUSE NO. 26383

THE STATE OF TEXAS § IN THE DISTRICT COURT

VS. § WALKER COUNTY, TEXAS

DARRICK EDWARD ROSS § 278TH DISTRICT COURT

TRIAL COURT'S CERTIFICATION OF
DEFENDANT'S RIGHT OF APPEAL

I, judge of the trial court, certify this criminal case:

✓ is not a plea-bargain case, and the defendant has the right of appeal, or

___ is a plea-bargain case, but matters were raised by written motion filed and ruled on before the trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

___ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

___ is a plea-bargain case, and the defendant has not right of appeal. [or]

___ the defendant has waived the right to appeal.

_____ Date Signed _June 27, 2014_
Presiding Judge

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. TEX.R.App.P.68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
Defendant
Mailing Address: _____

Telephone number: _____
Telephone & Fax Number: _____

_____
Defendant's Counsel
State Bar of Texas ID#: _24035494_
Mailing Address: _____

"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- this is, a case in which defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial Court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

**FILED**

TIME _____
___ DAY OF _____
ROBYN FLOWERS
District Clerk, Walker County
By _____
Deputy

88


Exhibit 2.

CAUSE NO. 26619

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | WALKER COUNTY, TEXAS |
| DARRICK EDWARD ROSS | § | 278TH DISTRICT COURT |

### TRIAL COURT'S CERTIFICATION OF
### DEFENDANT'S RIGHT OF APPEAL

I, judge of the trial court, certify this criminal case:

✓ is not a plea-bargain case, and the defendant has the right of appeal, or

— is a plea-bargain case, but matters were raised by written motion filed and ruled on before the trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

— is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

— is a plea-bargain case, and the defendant has not right of appeal. [or]

— the defendant has waived the right to appeal.

_____          _____June 27, 2014_____
Presiding Judge                   Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. TEX.R.App.P.68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____          _____
Defendant                         Defendant's Counsel
Mailing Address: _____        State Bar of Texas ID#: 24035499
                                  Mailing Address: _____
_____
Telephone number: _____       _____
Telephone & Fax Number: _____ _____

"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- this is, a case in which defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

FILED
TIME _____
___ DAY OF _____ 2014
ROBYN FLOWERS
District Clerk, Walker County
By _____
                    Deputy

26

1938636
Darrick Ross
Clements Unit
9601 Spur 591
Amarillo, Texas
79107

Court OF CRIMINAL APPEALS
OF Texas
P.O. Box 12308 Capitol Station
Austin, Texas 78711

